IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH A. O'KEEFE ET AL. | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 11-1330 |
| ACE RESTAURANT SUPPLY, LLC, ET AL. | : | |

### MEMORANDUM

**SURRICK, J.**                                                                                                           **JANUARY  12 , 2016**

Presently before the Court is Plaintiffs' Motion to Join Additional Plaintiffs. (ECF No. 9.) For the following reasons, the Motion will be denied.

### I.      BACKGROUND

Plaintiff Joseph O'Keefe is the owner of Plaintiff Simmeria Café & Bistro ("Simmeria"). Defendants Korey and Nick Blanck own Defendant Ace Restaurant Supply ("Ace"). Ace sells bar and restaurant equipment in Pennsylvania as well as other states through its website.

In February 2010, O'Keefe called Korey Blanck to inquire about purchasing supplies for Simmeria.[1] (Compl. ¶ 14.) In February and March 2010, Plaintiffs executed sales agreements with Defendants, and advanced $35,803.62 to Defendants as payment. (*Id*. at ¶¶ 15-17.) Plaintiffs allege that they entered the contract based on false representations made by Korey Blanck and Ace's website that Defendants could provide Plaintiffs with their equipment needs.

---

[1] On February 25, 2011, Plaintiffs filed a Complaint against Defendants alleging a violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c) (Count I), a RICO conspiracy claim, *id.* § 1962(d) (Count II), and state law claims of fraud (Count III), unjust enrichment (Count IV), intentional misrepresentation (Count V), and negligent misrepresentation (Count VI). Plaintiffs also seek declaratory relief (Count VII). Defendants filed a Motion to Dismiss (ECF No. 6), which we subsequently denied. (ECF No. 12.)

(*Id*.)

Plaintiffs claim that after they paid, the "true face of [Defendants'] operation began to unravel." (*Id*. at ¶ 18.) Plaintiffs allege that Defendants failed to deliver some equipment, or delivered broken equipment. (*Id*. at ¶¶ 19, 22.) Plaintiffs allege that Defendants were aware that the equipment failed to meet their needs, but nonetheless proceeded with deliveries of faulty equipment in an attempt to defraud them. (*Id.* at ¶ 22.) Plaintiffs claim that Defendants' behavior was characteristic of the way they conducted business. (*Id.* at ¶ 27.) Plaintiffs allege that Defendants regularly made fraudulent misrepresentations regarding equipment that they never intended to deliver. (*Id*.) Plaintiffs allege that Defendants' fraudulent misrepresentations to them were part of a pattern of racketeering activity, and that Defendants have behaved similarly in their commercial relationships with other customers. (*Id*.)

Plaintiffs wish to join two other complainants in this action. First, they seek to join Rafael Velasco and Maria Cortez d/b/a La Union Carniceria Mini Market ("Carniceria"), located at 1004 Hampden Boulevard, Reading, Pennsylvania. (Pl.'s Mem. 5.) According to Plaintiffs, Defendants violated an agreement with Carniceria for the purchase and installation of restaurant equipment. (*Id*.) Plaintiffs claim that Carniceria paid Defendants $12,480 by April 27, 2010, and "no equipment was delivered." (*Id*.) The dispute between Carniceria and Defendants was filed in the Court of Common Pleas of Berks County (Docket No. 10-18684).

Second, Plaintiffs move to join Rosa Carbajal-Ascah, Louis Carbajal and Jaz and Nate Steaks, LLC ("Nate Steaks") as co-plaintiffs. (Pl.'s Mem. 5.) Plaintiffs claim that Nate Steaks "entered into a similar sales agreement with Defendants" in 2008. (*Id*.) According to Plaintiffs, Nate Steaks paid Defendants $49,473.74 for restaurant equipment that "Defendants never

supplied and installed." (*Id.*)  The dispute between Nate Steaks and Defendants was also filed in the Court of Common Pleas of Berks County (Docket No. 10-7491).  On May 17, 2011, the Court of Common Pleas denied a Motion to Consolidate the Carniceria and Nate's Steaks cases.  The Court of Common Pleas did not explain its reasons for denying the Motion to Consolidate.

Plaintiffs have filed the instant Motion to join the parties discussed above as co-plaintiffs in this lawsuit.

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure permit plaintiffs to be joined in one action if "they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and [if] any question of law or fact common to all plaintiffs will arise in the action."  Fed. R. Civ. P. 20(a)(1).  "Both the same transaction(s) and the common question elements must be satisfied before joinder can be permitted."  *In re Orthopedic Bone Screw Prods. Liab. Litig.*, No. 1014, 1995 U.S. Dist. LEXIS 10138, at *1 (E.D. Pa. July 17, 1995).

"The purpose of Rule 20(a) is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple law suits."  *Miller v. Hygrade Food Prods. Corp.*, 202 F.R.D. 142, 144 (E.D. Pa. 2001) (internal quotation marks omitted).  For courts applying Rule 20 and related rules, "the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged."  *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966).  However, the policy of liberal application of Rule 20 is not a license to join unrelated claims in one lawsuit.  *See, e.g.*, *Niblack v. Hayman*, No. 09-3944, 2010 U.S. Dist. LEXIS 24077

at *11 (D.N.J. Mar. 9, 2010).

In determining whether a particular factual situation constitutes a single transaction or occurrence, courts "generally apply a case-by-case approach." *Miller*, 202 F.R.D. at 144. "'Transaction' is a word of flexible meaning. It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship." *Mosley v. General Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974). "Absolute identity of all events is unnecessary." *Id*.

> [We have] broad authority with regard to joinder under Rule 20, which is, after all, discretionary. In exercising its discretion, the District Court must provide a reasoned analysis that comports with the requirements of the Rule, and that is based on the specific fact pattern presented by the plaintiffs and claims before the court. It is insufficient for a court to rely on general assumptions regarding the circumstances [surrounding a specific case].

*Hagan v. Rogers*, 570 F.3d 146, 157 (3d Cir. 2009)

### III.   DISCUSSION

Considering the first prong of Rule 20(a)(1), namely whether the two sets of prospective plaintiffs assert rights arising out of the same transaction, occurrence, or series of transactions or occurrences as Plaintiffs, Defendants argue that the transactions are completely unrelated, noting that "the factual background in each of the situations is different." (Defs.' Resp. 4.) Defendants further state that "[t]here is no commonality of facts in these matters," and that granting permissive joinder would "create the cumbersome situation of having to run three separate lawsuits as one." (*Id*. at 5-6.) Plaintiffs do not explain how these three disparate situations arise from the same transaction or occurrence, and devote the "Argument" section of their Memorandum of Law solely to articulating common questions of law and fact, and to discussing

the pragmatic arguments for joinder.

Each of these three cases arises out of wholly different factual circumstances. The identity of the parties, dates and types of transactions, and communications between Defendants and the complainants differ in each of the three situations. All three complainants argue that Defendants have acted fraudulently, but the test for permissive joinder is not whether Defendants have exhibited the same behavior towards different complainants; the test that we must apply is whether the complainants derive their claims for relief from the same transaction or occurrence. We cannot discern a "logical relationship" between these two transactions and Plaintiffs' dispute that would lead us to join them together as one. Declaring these three matters to be one would amount to a "general assumption" by this Court that these cases are inextricably tied together. We cannot make such an assumption.

Plaintiff cannot meet the first required prong of Rule 20(a). Given the nature of this action, in which Plaintiffs allege a pattern of racketeering activity by Defendants, it is likely that these cases pose common questions of law and fact. We cannot, however, consolidate all breach of contract claims against Defendants, including those proceeding in state court, into a single omnibus civil RICO action. That Plaintiffs could satisfy the second prong of Rule 20(a)(1) does not excuse their inability to satisfy the first.

Finally we note that considerations of judicial economy do not favor joinder. Carniceria and Nate Steaks are litigating cases in the Court of Common Pleas of Berks County. Asking the parties in those cases–both Plaintiffs and Defendants–to join this lawsuit would doubtless increase the demands on them. We are confident that those plaintiffs will satisfactorily resolve their claims in the Court of Common Pleas, and that adding a second set of lawsuits based on the

same sets of facts would defeat the goals of judicial efficiency and consistency.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiffs' Motion will be denied.

An appropriate Order follows.

                                              **BY THE COURT:**

                                              **R. BARCLAY SURRICK, J.**